JS 44C/SDNY
REV. 1/2008

**CIVIL COVER SHEET**

08 CIV 6821

JUDGE BATTS

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

JUL 30 2008

**PLAINTIFFS**
SHIRLEY WIENER WHITNEY

**DEFENDANTS**
SCOTT MICHAEL WHITNEY, GLENN HOWARD WHITNEY
DANIEL ERWIN WHTNEY

**ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
NOVICK & ASSOCIATES, P.C.
202 East Main Street
Huntington, New York

**ATTORNEYS** (IF KNOWN)
Not Known.

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

29 U.S.C. 1129 and 1001 et seq., plaintiff's rights in her deceased husband's profit-sharing plan was improperly terminated

Has this or a similar case been previously filed in SDNY at any time? No? [✓] Yes? [ ]   Judge Previously Assigned _____

If yes, was this case Vol.[ ] Invol.[ ]  Dismissed. No[ ] Yes [ ]  If yes, give date _____ & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)   **NATURE OF SUIT**

**TORTS**   **ACTIONS UNDER STATUTES**

**CONTRACT**
[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**REAL PROPERTY**
[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**PERSONAL INJURY**
[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

**ACTIONS UNDER STATUTES**
**CIVIL RIGHTS**
[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING/ ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS

**PERSONAL INJURY**
[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**PRISONER PETITIONS**
[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

**FORFEITURE/PENALTY**
[ ] 610 AGRICULTURE
[ ] 620 OTHER FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**
[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**IMMIGRATION**
[ ] 462 NATURALIZATION APPLICATION
[ ] 463 HABEAS CORPUS- ALIEN DETAINEE
[ ] 465 OTHER IMMIGRATION ACTIONS

**BANKRUPTCY**
[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**
[ ] 861 HIA (1395ff)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 TAXES (U.S. Plaintiff or Defendant)
[ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLU- ENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[x] 890 OTHER STATUTORY ACTIONS
[ ] 891 AGRICULTURAL ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES

Check if demanded in complaint:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____ OTHER _____

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

JUDGE _____ DOCKET NUMBER _____

Check YES only if demanded in complaint
JURY DEMAND: [✓] YES [ ] NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(PLACE AN x IN ONE BOX ONLY)   ORIGIN

- [x] 1 Original Proceeding
- [ ] 2a. Removed from State Court
- [ ] 2b. Removed from State Court AND at least one party is pro se.
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from (Specify District)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judge Judgment

(PLACE AN x IN ONE BOX ONLY)   BASIS OF JURISDICTION

- [ ] 1 U.S. PLAINTIFF
- [ ] 2 U.S. DEFENDANT
- [x] 3 FEDERAL QUESTION (U.S. NOT A PARTY)
- [ ] 4 DIVERSITY

IF DIVERSITY, INDICATE CITIZENSHIP BELOW.
(28 USC 1322, 1441)

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)
(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [x] 1 | [x] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Shirley Wiener Whitney
903 Park Avenue
New York, New York

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

Scott Michael Whitney
55 Hickory Drive
Roslyn, New York 11576 {County of Nassau}

Glenn Howard Whitney
118 Henrietta Lane
Oceanside, New York 11572 {County of Nassau}

Daniel Erwin Whitney
1510 Hawkshead Lane
Louisville, Kentucky 40220 {County of Jackson}

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one: THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [x] MANHATTAN
(DO NOT check either box if this a PRISONER PETITION.)

DATE 7/30/08
SIGNATURE OF ATTORNEY OF RECORD
RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[ ] YES (DATE ADMITTED Mo. Nov. Yr. 1990)
Attorney Bar Code # SM-1304

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ MAAS _____ is so Designated.

J. Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____ .

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SHIRLEY WEINER WHITNEY,

                Plaintiff,

SCOTT WHITNEY, GLENN WHITNEY and
DANIEL WHITNEY,

                Defendants.
-----------------------------------------------------------------X

JUDGE BATTS

08 CIV 6821

**SUMMONS IN A CIVIL CASE**

Civ.

TO:   SCOTT MICHAEL WHITNEY        DANIEL ERWIN WHITNEY
       55 Hickory Drive                       1510 Hawkshead Lane
       Roslyn, New York 11576            Louisville, Kentucky 40220

       GLENN HOWARD WHITNEY
       118 Henrietta Avenue
       Oceanside, New York 11572

**YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff's attorney, NOVICK & ASSOCIATES, P.C., 202 East Main Street, Huntington, New York 11743, an answer to the complaint which is herewith served upon you, within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**                       JUL 30 2008

_____        _____
CLERK                                              DATE

(BY) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHIRLEY WEINER WHITNEY

                             Plaintiff,

SCOTT WHITNEY, GLENN WHITNEY and
DANIEL WHITNEY,

                             Defendants.
------------------------------------------------------------X

JUDGE BATTS

08 CIV 6821

**COMPLAINT**

Civ.

**TRIAL BY JURY IS DEMANDED ON ALL CAUSES OF ACTION**

RECEIVED JUL 30 2008 U.S.D.C. S.D.N.Y. CASHIERS

      Plaintiff SHIRLEY WEINER WHITNEY as and for her Complaint, by her attorneys, NOVICK & ASSOCIATES, P.C., respectfully alleges, as follows:

      1.     At all times herein mentioned plaintiff SHIRLEY WEINER WHITNEY was a resident of the City, County and the State of New York

      2.     At all times herein mentioned defendant SCOTT WHITNEY was a resident of the County of Nassau and the State of New York

      3.     At all times herein mentioned defendant GLENN WHITNEY was a resident of the County of Nassau and the State of New York.

      4.     At all times herein mentioned defendant DANIEL WHITNEY was a resident of the County of Jackson and the State of Kentucky.

      5.     Plaintiff SHIRLEY WEINER WHITNEY is the surviving spouse of HAROLD WHITNEY ("decedent") who died on August 31, 2006.

      6.     Plaintiff SHIRLEY WEINER WHITNEY was the designated beneficiary of decedent's profit sharing plan which was at all relevant times held at T. Rowe Price before its termination on August 3, 2006.

7. Jurisdiction of this action is based upon 29 U.S.C. 1132 and 1001 et seq.

8. Decedent lacked mental capacity and was unable to manage his financial affairs as of August 3, 2006 and continuously thereafter until his death on August 31, 2006.

9. Decedent's T. Rowe Price profit sharing plan was terminated by defendants and/or by other persons acting in concert with defendants without the consent of plaintiff.

10. Defendants caused decedent to establish an Individual Retirement Account ("IRA") account at T. Rowe Price on August 3, 2006, which designated defendants as the beneficiaries of those accounts upon the death of decedent.

## AS AND FOR A FIRST CAUSE OF ACTION

11. Upon information and belief, beginning in or about July 28, 2006, SCOTT WHITNEY acted as attorney-in-fact for Decedent.

12. At all relevant times, SCOTT WHITNEY owed a fiduciary duty to decedent.

13. At all relevant times, SCOTT WHITNEY conducted the business and financial affairs of Decedent.

14. SCOTT WHITNEY and/or others acting concert with him misused and exploited assets owned by decedent and among other things improperly caused the termination and transfer of decedent's profit sharing plan at T. Rowe Price and thereafter the transfer of said funds into an IRA account at T. Rowe Price.

15. By misusing and exploiting his control over the assets of decedent, SCOTT WHITNEY breached the fiduciary duties that he owed to decedent.

16. The breaches of fiduciary duties by SCOTT WHITNEY caused plaintiff to incur monetary damages in an amount to be proven at trial.

## AS AND FOR A SECOND CAUSE OF ACTION

17. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 16 as if fully set forth hereat.

18. SCOTT WHITNEY, GLENN WHITNEY and DANIEL WHITNEY unjustly received assets previously owned by decedent due to the termination of decedent's profit sharing plan at T. Rowe Price, and these assets were designated to be paid SHIRLEY WHITNEY, upon the death of Decedent.

19. The actions of defendants in causing the termination of decedent's profit sharing plan and thereafter causing the transfer of those assets were entirely improper.

20. As a result of defendants' unjust enrichment, plaintiff has sustained monetary damages in an amount to be proven at trial.

## AS AND FOR A THIRD CAUSE OF ACTION

21. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 20 of this complaint as if fully set forth hereat.

22. During the course of the efforts by defendants to obtain the assets Decedent, defendants acquired assets that previously had been owned by Decedent, including but not

3

limited to assets that had been previously held in his profit sharing plan at T. Rowe Price in decedent's IRA account numbered 540258499-6.

23. Plaintiff is entitled to have this Court impose a constructive trust against any assets obtained by defendants from decedent's profit sharing plan and thereafter transferred to decedent's IRA account numbered 540258499-6.

## AS AND FOR A FOURTH CAUSE OF ACTION

24. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 23 as if fully set forth hereat.

25. On or about August 3, 2006, defendants caused decedent to sign a document or documents that resulted in the termination of his profit sharing plan in violation of 29 U.S.C. 1132 and 1001 et. seq., which requires spousal consent to the termination and/or transfer of retirement plans

26. The actions of defendants in causing the termination of decedent's profit sharing plan were in violation of the statute controlling termination of retirement plans and were improper.

27. As a result of defendants' violations of 29 U.S.C. 1132 and 1001 et. seq., the federal statutes governing termination of retirement plans, plaintiff has sustained monetary damages in an amount to be proven at trial.

## AS AND FOR A FIFTH CAUSE OF ACTION

28. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 27 as if fully set forth hereat.

29. On or about August 3, 2006, defendants caused Decedent to sign a document or documents that terminated his profit sharing plan and caused him to transfer the remaining balance to an IRA account, which would pass to defendants upon his death, despite the fact that he did not have the requisite mental capacity to understand the legal effect of said document or documents.

30. The actions of defendants in causing the termination of decedent's profit sharing plan and thereafter causing the transfer of those assets were improper.

31. As a result of defendants' improper actions, plaintiff has sustained monetary damages in an amount to be proven at trial.

## AS AND FOR A SIXTH CAUSE OF ACTION

32. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 31 of this complaint as if fully set forth hereat.

33. On or about August 3, 2006, defendants represented to Decedent that it was necessary for him to sign a document or documents, without informing him that the document or documents that he was signing would terminate his profit sharing plan and transfer the remaining

balance to an IRA account, which would pass to defendants upon his death.

34. Upon information and belief, defendants made several other representations, on or about August 3, 2006, to plaintiff in order to induce him to execute the aforementioned documents.

35. Upon information and belief, the documents presented to decedent by the defendants were documents that would terminate decedent's profit sharing plan and transfer the funds remaining in that account into an IRA account which would pass to defendants upon his death.

36. Upon information and belief, on or about August 3, 2006, defendants wrongfully and fraudulently caused decedent to execute the aforementioned documents terminating his profit sharing plan.

37. The said representations were false and were deliberately made to decedent for the purpose of defrauding him of the profit sharing plan and to cause the funds in said plan to pass to defendants, rather than to decedent's spouse, upon the death of decedent.

38. At the time the aforementioned documents terminating decedent's profit sharing plan were executed, decedent was unaware of the nature and legal import of the documents and reasonably relied upon the defendants' representations regarding the documents.

39. At the time the documents terminating decedent's profit sharing plan were executed, decedent was not told that by signing the aforementioned documents that he would be giving away his interest in the profit sharing plan for the remainder of his life, and that he was doing so for no consideration.

40. Plaintiff's reliance upon defendant's representations was reasonable based upon

their familial relationship, since defendants were decedent's sons and an actual and implied relationship of trust and confidence existed between decedent and defendants.

41. Decedent was not represented by counsel in connection with the execution of the documents terminating decedent's profit sharing plan.

42. Decedent did not read the documents terminating his profit sharing plan and transferring the funds remaining into the IRA account, and did not understand the contents, meaning and effect of those documents.

43. If decedent had understood the content, meaning and effect of the documents terminating his profit sharing plan, he would not have executed same.

44. As a result of decedent's reasonable reliance upon defendants' misrepresentations of fact, plaintiff has been deprived of his interest in decedent's profit sharing plan and has sustained monetary damage in an amount to be proven at trial.

## AS AND FOR A SEVENTH CAUSE OF ACTION

45. Plaintiff repeats and realleges the allegations in paragraphs 1 through 44 of this complaint as if fully set forth hereat.

46. The execution of the documents terminating the profit sharing plan by decedent was the result of misrepresentation, overreaching, fraud and mistake. Plaintiff received no consideration for this purported transfer.

47. The documents terminating the profit sharing plan were prepared by defendants and/or by other individuals acting in concert with defendants. Prior to the execution of said

7

documents, decedent was not advised of their legal effect nor was decedent advised of his rights with respect to the subject property.

48. A relationship of trust and confidence by decedent in defendants existed at the time that decedent executed the documents terminating the profit sharing plan.

49. Defendants breached the relationship of trust and confidence with decedent and fraudulently and wrongfully caused decedent to terminate his profit sharing plan and to transfer these funds into the IRA account which was designated to pass to defendants upon decedent's death.

50. Upon information and belief, at the time the documents terminating the profit-sharing plan and establishing the IRA account were purportedly executed on August 3, 2006, decedent was unable to fully comprehend the nature of his actions.

51. If decedent had understood the contents, meaning and effect of the documents terminating the profit-sharing plan and establishing the IRA account, he would not have executed those documents. Decedent had no intention of terminating the profit sharing plan and causing the funds held in that account to be transferred to an IRA account that would pass to defendants upon his death, rather than to plaintiff, decedent's surviving spouse.

52. As a result of defendants' improper actions, plaintiff has sustained monetary damages in an amount to be proven at trial.

**WHEREFORE,** plaintiff demands judgment as follows:

(1) On the first cause of action in an amount to be determined at trial, together with the

costs and disbursements of this action, plus attorney's fees and interest at the statutory rate from August 3, 2006; and such other and further relief as this Court may deem warranted;

(2) On the second cause of action in an amount to be determined at trial, together with the costs and disbursements of this action, plus attorney's fees and interest at the statutory rate from August 3, 2006; and such other and further relief as this Court may deem warranted;

(3) On the third cause of action imposing a constructive trust against any property of HAROLD WHITNEY in the possession of decedent HAROLD WHITNEY and defendants, including but not limited to funds transferred from the profit sharing plan at T. Rowe Price numbered 707151 of decedent HAROLD WHITNEY and thereafter transferred into decedent's IRA account at T. Rowe Price numbered 540258499-6, together with the costs and disbursements of this action plus interest at the statutory rate from August 3, 2006; and such further relief as this Court may deem just and proper and directing that the funds held in said account be turned over to plaintiff;

(4) On the fourth cause of action in an amount to be determined at trial, together with the costs and disbursements of this action, plus attorney's fees and interest at the statutory rate from August 3, 2006; and such other and further relief as this Court may deem warranted; and

(5) On the fifth cause of action in an amount to be determined at trial, together with the costs and disbursements of this action, plus attorney's fees and interest at the statutory rate from

9

August 3, 2006; and such other and further relief as this Court may deem warranted;

(6) On the sixth cause of action in an amount to be determined at trial, together with the costs and disbursements of this action, plus attorney's fees and interest at the statutory rate from August 3, 2006; and such other and further relief as this Court may deem warranted; and

(7) On the seventh cause of action in an amount to be determined at trial, together with the costs and disbursements of this action, plus attorney's fees and interest at the statutory rate from August 3, 2006; and such other and further relief as this Court may deem warranted;

Dated: New York, New York
      July 30, 2008

                                                              */s/ Michael J. Sullivan*
Novick & Associates, P.C.
By: Michael J. Sullivan (MS - 1304)
Attorneys for Plaintiff, SHIRLEY WEINER WHITNEY
202 East Main Street, Suite 208
Huntington, New York 11743
(631) 547-0300

## VERIFICATION

STATE OF NEW YORK      )
                       ss:
COUNTY OF NEW YORK  )

    I, SHIRLEY WEINER WHITNEY, plaintiff in the within action, being duly sworn, hereby state, as follows:

    I have read the foregoing Complaint and know the contents thereof; the same are true to my own knowledge, except as to the matters therein alleged to be on information and belief; and as to those matters I believe them to be true.

_____
SHIRLEY WEINER WHITNEY

Sworn to before me
this 30th day of July, 2008

_____
Notary Public

Michael J. Sullivan
Notary Public, State of New York, No. 02SU4995370
Qualified in Richmond County
Commission Expires April 20, 2010